The 4th district appellate court of the state of Illinois has now convened the honorable Peter C. Cavanaugh presiding. Thank you and good morning 1st call. 4-23-0771 people, the state of Illinois versus Alex J. Sandoval. Counsel for the appellant, would you please state your name for the record? Emma Poorman, P as in Peter, O-O-R-M-A-N. Thank you and for the appellee, David Manchin. Thank you. Ms. Poorman, you may proceed. May it please the court and counsel, I'm Emma Poorman from the office of the state appellate defender arguing on behalf of the appellant Mr. Alexander J. Sandoval who seeks reversal of his misdemeanor conviction for violating the firearm concealed carry act. Given my limited time I plan to rest on my brief for the second and third argument but I will of course discuss those issues if the record if the court requires any further argumentation or clarification. I will first begin with the fourth argument that we provided through the supplemental brief. I believe that this case turns on a key question. Did the state fail to prove Sandoval guilty where presented no evidence that he was a licensee under the act? Now the firearm concealed carry act makes it a misdemeanor for a quote licensee defined as a person issued a license to carry a concealed handgun to carry a concealed firearm while under the influence of alcohol. Simply put the state did not prove at any time that Sandoval possessed a concealed carry license and I that's something that I understand the state even acknowledges. The act of course regulates concealed carry in Illinois and a plain reading suggests that this violation only applies to licensees and not the general public because it specifically utilizes that defined term of licensee. Further support for this is in that same violation section we see the term firearm instructors and licensees used and the only time the general public is referenced they use the generic term persons under subsection h to refer to individuals who simply applied for a license indicating again that this is a statute that applies only to licensees. As this court is aware recently the Supreme Court touched on this issue in People v Harvey in the facts in that case Harvey was convicted of unlawful use of a weapon without a CCL and the court ultimately found that the evidence was sufficient to support a finding the defendant had not been issued a valid CCL that evidence being Harvey's own out-of-court statements. What of note is that the Supreme Court rejected an argument from the state that I think provides us with some guidance here. The state argued that they were not required to show that Harvey had not been issued a currently valid CCL instead stating that the fact that he didn't present one was sufficient. The Supreme Court rejected that and I'm specifically looking at paragraph 16 by suggesting that that's refuted by the plain language of the carry act. It reads in section 70f of the carry act the legislature specifically exempted any person who has a valid CCL from prosecution under the applicable section of the UW statute. It falls therefore that the only individuals who could potentially face liability under the applicable section are those persons who do not have a valid CCL. So what this suggests again is that these statutes can apply to one group and not the other and in Harvey that would be non-CCL owners versus CCL owners and here we're looking at licensee versus non-licensee. Though similar to Harvey because the state didn't present any evidence while they did in Harvey that Sandoval had the license the state failed to prove a key element of the offense because the statute exclusively regulates the behavior of CCL owners. Counsel can I ask you a question? So what about the fact on this issue with regard to the jury instructions because the state's instructions were rejected defendant presented the two instructions on the carry conceal and it didn't have anything in those instructions regarding defendant being a licensee. So when it comes to the jury instructions the instructions conference and those suggested jury instructions what they indicate to me is that the parties were primarily focused on the issue of intoxication and how to prove that and how to describe that to the jury. I think it's there's some indication as a result that you know perhaps everyone dropped the ball on this that neither party was really intuited the fact that this really only applies to licensees but regardless it's still a sufficiency issue that is solely the burden of the state and as a result while yes those jury instructions did not include that language they simply stated a person rather than licensee. There isn't the kind of affirmative acquiescence that you would typically see in a case involving you know waiver or invited error. That being said I think the court wasn't challenged in your brief sufficiency of the evidence was not raised in any post-trial motions. Your honor considering that this was a key element of the offense that it only applies to licensees I don't believe waiver applies and I think that the cases Wilson and Everett support as much that that's something that we can raise at any time in including in our appellate briefs and even if that is the case I do ask that this court review this issue under plain error. If there are no further questions on that I would like to move on to my next argument. I think we're good go ahead. Thank you. Turning to argument one. Should this court reject the argument that the state failed to prove the essential element of whether or not Sandoval was a licensee? A fundamental question still remains. The act defines concealed firearm as a loaded unloaded handgun carried on or about a person completely or mostly concealed from view of the public or on about a person within a vehicle. Which leads us to that central question of was Sandoval carrying that handgun on or about his person when he was found in the driver's seat of the car? I suggest that a plain reading of the statute and concealed carry precedent extending back 100 years confirmed that he was not. When the police found Sandoval he again was in the driver's seat with that firearm located underneath the front passenger seat and in order to reach that firearm he would have necessarily had to lean sideways and bend forward that is if he could have reached that firearm at all that wasn't discussed at trial. Central to our understanding of concealed carry are these two older cases Liss and Nemeth. And Liss and Nemeth suggest that for a firearm to be on or about a person within a vehicle it must be so placed that it can be accessed without appreciable change in the position of the owner. Liss is a very similar case dealing with a very similar statute. That statute being no person shall carry concealed on or about his person a pistol, revolver, or firearm. And given the similar facts Liss remarks it requires no great wisdom to know it's impossible to reach a pistol under the front seat of the car without changing position at the wheel. It's necessary to bend forward to reach under the seat which again would be the case here. Mr. Sandoval would have had to necessarily have leaned forward and bend over to reach that firearm under that front passenger seat. Well doesn't it depend on how far under the gun is? Right? I mean how far back the seat is? There's just a lot of factual elements to that conclusion and it seems as though you're drawing only one. I would say a few things in response to that. One is that appreciable change in position. The facts in Liss are very very similar and I think that phrase no great wisdom provides us with significant guidance here. Reaching a firearm underneath the driver's seat is very similar to reaching a firearm underneath that front passenger seat. I think they're directly analogous and for that reason I think it's appropriate to draw that conclusion. And in terms of whether this was a factual conclusion or a legal conclusion I think it's interesting that the jury intuited this issue by asking the trial court is it a concealed carry law to have a weapon in your vehicle as opposed to on your person? So the jury was really struggling to even know what the legal standard was. They weren't concerned about the facts. It was it was not disputed that the firearm was underneath that front passenger seat. What they were struggling to understand was you know if that firearm is anywhere within the vehicle does that meet the standard? So it's really a legal question that we're left with here rather than a factual one. But didn't you or not you I'm sorry defense counsel agree with responding to that jury question and you sent back on or about? The original instruction says on the person but then when you answered the question it said on or about the person. The on or about person language again under the context of listening also has this additional element about not changing position and being accessed without appreciable change in the of the owner. So in that way I think it was insufficient to answer the jury's question. Okay. Since the state had a higher burden of proof than simply demonstrating that Sandoval had a firearm underneath that front passenger seat, the state failed to meet the burden of demonstrating that Sandoval carried the firearm on or about his person within the vehicle and his conviction should therefore be reversed. I'd also note that if this court rejects our contention that there's a difference between carry and possess I'd also like to point out that it's differentiated within the act itself. In the section regulating the possession of firearms in the home it says that a licensee shall possess a license at all times except when the licensee is carrying or possessing a concealed firearm on his or her land. Again the addition of the word possess here suggesting that it's more expansive while carrying is going to have that close to the body language. With that if there are no further questions I'd like to reserve the remainder of my time. I just have one question. Do you know how the jury was instructed with respect to the licensee issue in the recent case in People v. Harvey? I don't your honor. Thanks. All right there being no further questions Mr. Manchin. Thank you your honors. It please the court counsel. I think defense counsel correct that the key issue in this case is the licensee language in the statute. I agree that as written the statute seems to apply only to uh concealed carry licensees and I don't think that was the legislature's intent but I do not believe it should be applied in this case. This is a case of invited error and affirmative acquiescence on the defendant's part. It was the defendant who requested the jury to be instructed as the analyst of defense only possessing the gun and being intoxicated. Having taken an affirmative position that that was the only two elements of the offense, it is entirely improper for him to now say oops I missed up I should I therefore I get to go free and plain error cannot apply to a instance of invited error. I think counsel is correct that this is a situation where everybody dropped the ball down low that nobody noticed the uh uh invitee language and I thought I know that uh council appeal didn't even notice this until a week before this case was uh scheduled for argument the first time. Uh so it's a case it's a case where a defendant is trying to take advantage of his own mistake and his own position in the trial court and I submit that that is uh entirely improper. With respect to the other issues raised the question of was the defendant carrying the gun is a factual question. It's a factual question that was resolved against the defendant by the jury and there's simply no basis for this court to uh uh disturb that verdict. Let's let me let me break in there Mr. Manchin can you discuss distinguish rectify lists with the facts in this case? Yes uh this was a case where there were two people in the car the defendant and the passenger both denied having the gun the defendant had borrowed the car from somebody else uh so that is factually distinguishable but here the defendant's the car by himself he has a loaded uh magazine on his person and he tells the police that the gun is in the car. So the the problem in lists was the defendant was not shown to have knowledge of the gun in the car uh here we have clear evidence the defendant knew the gun was the car based upon both the uh magazine on his person and his statement the guns in the car plus I as I recall the test there was testimony that he was seen moving around in the car prior to the time the uh uh police walked up to the car a suggestion that was when he slipped it underneath the seat and as far as on or about it carry by definition means it can be just in the car it doesn't have to be on the defendant in fact the one case cited by the defendant I believe it was uh Nemeth said that a person could be convicted of carrying a concealed weapon was pushed behind the cushion of the car on which the defendant was sitting what is lying at the defendant's feet or concealed on a seat so carrying just being in the car is carrying it so the answer the court the court seemed to make some distinction on this passenger seat issue and whether or not it's readily accessible do they not uh I believe in uh uh Nemeth it was not under the seat it was in the back seat 10 feet away from the defendant with defendant's testimony that he had uh no knowledge of the gun which is slightly different than a defendant admitting the gun's there and it's right under the front seat and I cite my brief several other cases discussing when a gun can be on or about a person where it's the one case was even in the in the front uh motor compartment of the car and the court said yeah that's honor about being carried on or about the person so that this very narrow definition the defendant wants to adopt as a matter of law uh is incorrect he can be found guilty of carrying it even if it's underneath the seat of the car rather than uh right next to him on the seat of the car and as far as the uh counsel's response to the jury's question I think that was a reasonable one his whole contention at trial was that the gun had to actually be on the defendant and seeking the uh a further definition of on or about would have been uh contrary to that theory so his decision to on to how to answer that question I think was not an effective assistance and I questioned the validity of uh relying on jury's questions to determine the sufficiency of the evidence because as your court counsel court is aware the jury asks all sorts of questions and we really don't know why or what the questions means so to hang a determination that they there's a reasonable doubt of guilt based upon their question uh I think it's incorrect especially when the jury having asked the question and and uh uh having received the proper instructions enters a verdict the question of is he carrying the gun is simply a factual one decided against him it's not a gun under the passenger seat cannot be said as a matter of law uh not being carried by the defendant can I bring you back to that first issue for just a minute yes your contention about it being invited error has to do with the fact that the defendant tendered jury instructions that did not mention the license or the absence of a ccl license um he also argued that the uh that the only elements were that it had to be on the defendant argued at both both of those things happened after the close of evidence right correct jury instruction conference happened after evidence was closed argument half happens after evidence is closed correct correct so if the issue is the sufficiency of the evidence the instructions had nothing to do with it if if the state never put in evidence of his uh lack of of a ccl license then even if the instructions had been correct we'd be in the same boat you just don't have the evidence to prove that he was guilty of this offense you're correct your honor but i'm suggesting that the defendant was his entire position throughout the trial was that the only elements of the offense were dry uh having the gun and being intoxicated and inviting inviting the error that occurred so i'm just where's the error i don't think there's an error sufficiency of the evidence is its own thing there is no trial court error sufficiency of the evidence can't be waived so what difference does it make if the wrong instructions were given when it's clear looking at the evidence you didn't have what you needed to prove him guilty you're correct your honor i'm just saying that the uh it the uh it's sort of a matter of equity that's the uh but you agree i know i i agree that uh as the statute is written the uh the only way it can be interpreted is it applies solely to concealed carry uh people with considered licenses and i don't think that's what the legislature intended but that's where we are that's your concession and that seems to be the message from harvey so the fact that the instructions were right wrong or indifferent doesn't cure the sufficiency of the evidence i agree okay so if there are no further questions thank you thank you i see no questions i believe our case uh our um reply brief uh sufficiently addresses the state's um uh attempts to distinguish liss and nemeth um i would also uh suggest um that the state raise the issue of knowledge which of course is a lack of knowledge can be defensive of crime but it's not uh an element here um this isn't a constructive possession case it's essentially irrelevant uh that mr sandoval knew that there was a firearm in the vehicle but just returning to uh this issue of jury instructions again i think that cases of wilson and everett um are instructive um particularly wilson um the indictment charging a defendant with felony retail alleged the defendant had a prior conviction for retail theft but the prior theft was never approved as an element of trial ultimately the court in wilson determined that failure to prove a material allegation beyond a reasonable doubt is fatal to the judgment of conviction the question may be raised for the first time upon review i think that's directly analogous uh here this is a key element that sandoval was a licensee and ultimately um the failure uh to instruct the jury on on that matter is irrelevant so i would ask the court to uh reverse uh mr sandoval's conviction on that basis thank you counsel thank you both the court will take this matter under advisement and now is in recess